UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUZANNE ALFONSO, STEVEN SLATER, JOSHUA ADKINS, and ROBERT DUQUETTE on behalf of themselves and other similarly situated employees<br><br>　　　　Plaintiffs,<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM INC.<br>　　　　Defendant | Civil Action No.: 3:21-cv-01644-SVN<br><br><br><br><br><br>MAY 13, 2022 |

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

**I.   INTRODUCTION**

1.　　Employers in Connecticut must pay their employees for "all" hours worked. C.G.S. Section 31-71a(3).  Hours worked includes all time that employees are "required by the employer to be on the employer's premises."  *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 690-91 (1946) (holding compensable time spent walking from timeclocks to work benches); C.G.S. § 31-76b(2)(A); Conn. Agencies Regs., § 31-60-11. *See also, Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 50 (1944) (holding compensable the time spent traveling between mine portals and underground work areas).[1] *In re: Amazon.com, Inc.,* 255 A.3d 191 (Pa 2021) (holding compensable time spent on defendant's premises standing in security lines and undergoing a mandatory security screening.)

2.　　Here, Defendant required Plaintiffs Suzanne Alfonso, Steven Slater, and Robert Duquette and the class of non-exempt employees at its South Windsor, Windsor, Middletown,

Wallingford, Stratford, and Willington Connecticut facilities to pass through mandatory security screening procedures on their premises both on their way into the facility and on their way out every day. Defendant required Plaintiffs and the class to be clocked out during these screenings and therefore did not pay them wages for this time. This screening process routinely took approximately fifteen minutes a day and sometimes much more for each employee. Defendant did not pay Plaintiffs and the class for this time compensable work time.

3. As a result of Defendant's policies and practices, Defendant retained millions of dollars in wages, both straight time and overtime, that should have been paid to Plaintiffs and the class.

## II. JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this court under the Class Action Fairness Act ("CAFA.") as alleged in Defendant's Notice of Removal. ECF No. 1.

5. The venue is proper in the District of Connecticut under 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims in this Complaint occurred in Connecticut.

## III. PARTIES

6. Defendant FedEx Ground Package System, Inc. ("FedEx") is a corporation organized and existing under the laws of the state of Delaware, with its headquarters in Moon Township, Pennsylvania. It is registered as a business with Connecticut Secretary of State and operates several facilities across Connecticut, including facilities in Windsor and Willington.

7. Defendant owns and operates approximately six facilities in Connecticut. They have employed thousands of workers at their facilities in Connecticut during the period of the claim.

---

[1] These holdings no longer apply to claims under the federal Fair Labor Standards Act since the passage of the Portal to Portal Act in 1947. They remain good law here in Connecticut since no similar act was ever passed here.

They are the employers of the Plaintiff and the class as that term is defined under Connecticut's Minimum Wage Act (C.G.S. Sec. 31-58(d)).

8. Plaintiff Suzanne Alfonso is an individual residing in Stafford, Connecticut. Defendant has employed her for 32 years. She currently holds the position of Senior Office Administrator in Defendant's Willington, Connecticut location. Defendant has an agreement to pay her $26.47 an hour for her work.

9. Plaintiff Steven Slater is an individual residing in South Windsor, Connecticut. Defendant employed him as a Package Handler at their Middletown location from April 2020 until June and at its South Windsor location from October, 2020 until May, 2021. Defendant hired Slater under an agreement to pay him $15 an hour for his work.

10. Plaintiff Joshua Adkins is an individual residing in Stratford, Connecticut. Defendant employed him at its Willington, Connecticut location from May 2020 to April 2021 as a package handler. Defendant has an agreement to pay him $18.75 an hour for his work.

11. Plaintiff Robert Duquette is an individual residing in Enfield, Connecticut. Defendant employed him from September. 2019 to March, 2021. He first worked in Defendant's Windsor facility, then was moved to their Middletown location. Defendant hired Duquette under an agreement to pay him $16 an hour.

## IV. LEGAL PRINCIPLES

12. Employers in Connecticut must pay "all wages, salary or other compensation due each employee on a regular payday…"  C.G.S. Sec. 31-71b.

13. "Employer" under our Minimum Wage Act "means any owner or any person, partnership, corporation, limited liability company or association of persons acting directly as, or

on behalf of, or in the interest of an employer in relation to employees, including the state and any political subdivision thereof." C.G.S. Sec. 31-58(d).

14. "Hours worked" includes all time that employees are "required by the employer to be on the employer's premises." C.G.S. § 31-76b(2)(A); Conn. Agencies Regs., § 31-60-11; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-91 (1946) (holding compensable time spent walking from timeclocks to work benches).

15. Connecticut has a statutory cause of action for minimum or overtime wages. "If any employee is paid by his or her employer less than the … overtime wage to which he or she is entitled under sections 31-58, 31-59 and 31-60 or by virtue of a minimum fair wage order he or she shall recover, in a civil action, (A) twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court or (B) if the employer establishes that the employer had a good faith belief that the underpayment of such wages was in compliance with the law, the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Sec. 31-68(a)(1) (entitled "Collection of minimum or overtime wage. Class action certifications. Collection of wages for employee whose whereabouts are unknown.")

16. Connecticut has a statutory cause of action for wages generally, i.e., other than minimum or overtime wages. "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an

employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Sec. 31-72 (entitled "Civil action to collect wage claim, fringe benefit claim or arbitration award.")

V.    FACTS

17.    Defendant FedEx Gound Package System, Inc (herein after referred to as "FedEx") owns and operates facilities in Connecticut where the policies and practices described herein are imposed. The facilities are located in Windsor, South Windsor, Middletown, Wallingford, Stratford, and Willington, Connecticut.

18.    At these facilities, FedEx employs non-exempt, hourly works like Plaintiffs Alfonso, Slater, Adkins and Duquette.

19.    Upon information and belief, during the period of the claim FedEx has employed hundreds of hourly workers in Connecticut whom it subjected to the pay practices challenged herein.

20.    During the period of the claim, Defendant required Plaintiffs and the class go through a mandatory security screening process on their way in and out of their facilities. These screenings occurred at the beginning of their work day, during meal breaks, and at the end of their shifts.

21.     For example, at the Willington, Connecticut facility – Alfonso and Adkins were required to enter the Defendant's premises at its guard shack. There they were required to submit to a security screening process which involved a metal detector and search of their belongings.

22.     They were then required to traverse a part of the Defendant's premises for some distance before entering the main building and proceeding through the building to their work stations. Then and only then were they permitted to clock in for work. Defendant did not pay them for this time.

23.     Defendant agreed to provide its hourly workers a one-hour unpaid meal break. It required them to clock out at their work station at the beginning of this period, and to clock back in one hour later. Defendant's policy, however, did not result in this full hour being a time period allowed for meals. Instead, for those employees who wished to leave the premises for their lunch, they were required to once again go through the screening process described above. They were also required to repeat that process on their way back from their meal break. These two security screenings took between five and ten minutes of their meal periods but was not paid as it should have been.

24.     At the end of their shift, Alfonso, Adkins and the other workers were required to clock out at their work stations but then, once again, were required to exit the main building, walk across the property, and stand in line at the same guard shack before leaving the premises.

25.     Procedures similar to these were also in place at the Middletown facility where Duquette worked and the South Windsor facility where Slater worked.  The procedures took 5-15 minutes at each check point, depending on the length of the line of employees either coming or going at

that moment. These procedures resulted in Defendant failing to pay its workers for many hours each week.

26.     For example, during the week of October 4- October 8, these screenings occupied approximately 15 minutes a day of Plaintiff Suzanne Alfonso's time, for a total of 1.25 hours that week. Because she worked 40 hours on the clock that week, this time should have been paid at one and a half times her regular rate, or $39.71 per hour. Defendant should have paid Plaintiff Alfonso $49.64 for these security checks, but instead it paid her nothing.

27.     Over the course of the period of the claim, Defendant's practices as described have resulted in it retaining approximately $8,488.44 in wages that should have been paid to Alfonso alone.[2] Defendant also retained wages that it owed to the other plaintiffs and the class.

28.     Defendant imposed the above-described practices on all of its hourly workers at its Windsor, South Windsor, Middletown, Wallingford, Stratford, and Willington, Connecticut facilities, thereby failing to pay those employees millions of dollars that should have been paid to them.

## VI.     CLASS ACTION ALLEGATIONS

29.     Plaintiffs bring this claim on behalf of herself and all other members of the Connecticut class. The Connecticut Class is defined as follows:

> All current and former employees of Defendant who were employed as hourly, non-exempt workers at Defendant's Windsor, South Windsor, Middletown, Wallingford, Stratford, and Willington Connecticut facilities at any time from August 1, 2018[3] through the date of final judgment in this matter.

---

[2] There were 168 work weeks between the beginning of this claim, i.e. August 1, 2018, and the date of this complaint. 168 x $49.64. Accordingly, her claim for back wages assuming that it is all overtime, is $8,339.52. Her claim for penalty damages is an additional $8,339.52. Her total claim, not including attorneys' fees, is $16,679.04.
[3] On March 19, 2020, the Governor of the State of Connecticut issued an executive order tolling all statutes of limitations due to the Coronavirus pandemic. That tolling order remained in place through and including June 30th,

30.     Class certification for these Connecticut law claims is appropriate under Rule 23 of the Federal Rules of Civil Procedure.

31.     The class is so numerous that joinder of all members is impracticable. On information and belief, there were hundreds of workers employed by Defendants in Connecticut during the period of the claim.

32.     There are questions of law and fact common to the class, including whether the Defendant unlawfully failed to pay class members for their work time in violation of Connecticut law, and whether Defendant's actions were taken good faith sufficient to avoid penalty damages.

33.     The claims of the Plaintiffs are typical of those of the class members. The claims of Plaintiffs encompass the challenged practices and course of conduct of Defendants. Furthermore, the claims of the Plaintiffs are based on the same legal theories as the claims of the putative class members. The legal issues as to the violation of the CMWA by Defendants' conduct applies equally to Plaintiffs and to the class.

34.     Plaintiffs will fairly and adequately protect the interests of the class. The claims of Plaintiffs are not antagonistic to those of the putative class, and they have hired counsel skilled in the prosecution of class actions.

35.     Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action is the superior method of adjudications because it presents few management difficulties, conserves the resources of the

---

2021. The period of tolling was one year, three months, and eleven days. Accordingly, the period of the claim in this matter, which would ordinarily be two years under Connecticut law, is three years, three months, and eleven days

parties and the court system, protects the rights of each class member, and maximizes recovery to them.

### VII.  CAUSES OF ACTION

    **A.  DEFENDANT'S FAILURE TO PAY STRAIGHT TIME WAGES FOR TIME PLAINTIFF AND THE CLASS SPENT IN SECURITY LINES, C.G.S. Section 31-72; 31-71b et seq.; Conn. Agencies Regs. Sec. 31-60-11.**

36.  Based upon the foregoing, Defendant violated the CMWA by failing to compensate Plaintiffs and the class for time spent undergoing mandatory security checks during their meal breaks, and at beginning and end of their shifts.

37.  Accordingly, Defendant is liable to Plaintiffs and the class for unpaid back straight time wages calculated at "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court" pursuant to C.G.S. § 31-72 which provides a cause of action when an employer "fails to pay an employee wages in accordance with the provisions of §s 31-71a to 31-71i, inclusive,…" which provisions include the requirement that employers pay their employees "all wages, salary or other compensation due each employee…" C.G.S. § 31-71b.

    **B.  DEFENDANT'S FAILURE TO PAY OVERTIME WAGES FOR TIME PLAINTIFF AND THE CLASS SPENT IN SECURITY LINES, C.G.S. Section 31-68; 31-76b(2)(A). et seq.**

38.  Based upon the foregoing, Defendant violated the CMWA by failing to compensate Plaintiffs and the class for time spent undergoing mandatory security checks during their meal breaks, and at the beginning and end of their shifts.

---

prior to the date of this complaint (11/11/21), that is starting on August 1, 2018, until the date of final judgment in this matter.

39.     Accordingly, for those weeks where overtime hour were worked, Defendant is liable to Plaintiffs and the class for unpaid back overtime wages and penalty damages calculated at "twice the full amount of such minimum wage or overtime wage less any amount actually paid to him or her by the employer, with costs and such reasonable attorney's fees as may be allowed by the court," pursuant to C.G.S. § 31-68 which provides a cause of action for unpaid overtime wages if "any employee is paid by his or her employer less than the … overtime wage to which he or she is entitled …"

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs claim on behalf of themselves and other similarly situated persons:

1. Certification of this action as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure on behalf of members of the Connecticut class and the appointment of Plaintiffs and their counsel to represent the class;

2. Unpaid wages in the form of straight time pursuant to C.G.S. § 31-72;

3. Unpaid wages in the form of overtime pursuant to C.G.S. § 31-68;

4. Penalty damages pursuant to C.G.S. § 31-68 and 31-72;

5. Attorneys' fees and court costs pursuant to C.G.S. § 31-68 and 31-72;

6. Prejudgment interest pursuant to C.G.S. § 37-3a at the rate of 10% per annum;

7. Any and all other relief as the court deems just and proper.

**JURY DEMAND**

The Plaintiffs request a trial before a jury on all issues so triable.

    Plaintiffs, Suzanne Alfonso, Steven Slater, Joshua Adkins and Robert Duquette on behalf of themselves and all other similarly situated individuals

By:   *Thomas J. Durkin*
    Thomas Durkin, Esq.
    Hayber, McKenna & Dinsmore, LLC
    750 Main Street, Suite 904
    Hartford, CT 06103
    Juris No.: 426871
    Tel: (860) 522-8888
    Fax: (860) 218-9555
    tdurkin@hayberlawfirm.com
    Attorney for Plaintiffs